2017 WY 139

**BOARD OF PROFESSIONAL RE-
SPONSIBILITY, WYOMING
STATE BAR, Petitioner,**

v.

**Nick Edward BEDUHN, WSB
# 6-3763, Respondent.**

D-17-0007

Supreme Court of Wyoming.

November 22, 2017

ORDER OF SIX MONTH SUSPENSION
FROM THE PRACTICE OF LAW

[¶1] **This matter** came before the Court upon a "Report and Recommendation for Six Month Order of Suspension," filed herein November 7, 2017, by the Board of Professional Responsibility for the Wyoming State Bar. This Court has carefully reviewed the Report and Recommendation, the attached "Affidavit of Costs and Expenses," and the file. This Court finds the Report and Recommendation should be approved, confirmed, and adopted by the Court, and that Respondent, Nick Edward Beduhn, should be suspended from the practice of law for a period of six months, with that suspension to run consecutively to the two-year suspension he is currently serving. *See Board of Professional Responsibility, Wyoming State Bar v. Beduhn,* 2017 WY 97, 402 P.3d 950 (Wyo. 2017). It is, therefore,

[¶2] **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Six Month Order of Suspension, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3] **ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the Report and Recommendation for Six Month

Order of Suspension, Respondent, Nick Edward Beduhn, shall be, and hereby is, suspended from the practice of law for a period of six months, with the period of suspension to begin on May 10, 2019; and it is further

[¶4] **ORDERED** that, during the period of suspension, Respondent shall comply with the requirements of the Wyoming Rules of Disciplinary Procedure, particularly the requirements found in Rule 21; and it is further

[¶5] **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Respondent shall reimburse the Wyoming State Bar the amount of $605.15, representing the costs incurred in handling this matter, as well as pay the administrative fee of $750.00. Respondent shall pay the total amount of $1,355.15 to the Wyoming State Bar on or before January 2, 2018; and it is further

[¶6] **ORDERED** that Nick Edward Beduhn shall, on or before January 2, 2018, reimburse the complainant the amount of $1,000.00; and it is further

[¶7] **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of Six Month Suspension from the Practice of Law, along with the incorporated Report and Recommendation for Six Month Order of Suspension, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶8] **ORDERED** that the Clerk of this Court cause a copy of this Order of Six Month Suspension from the Practice of Law to be served upon Respondent, Nick Edward Beduhn.

[¶9] **DATED** this 22nd day of November, 2017.

**BY THE COURT:**
/s/ **E. JAMES BURKE**
**Chief Justice**

Attachment

BEFORE THE SUPREME COURT
STATE OF WYOMING

D-17-0007

In the matter of )
NICK EDWARD BEDUHN, ) *Docket No. 2017-028*
)
Respondent. )

IN THE SUPREME COURT
STATE OF WYOMING
FILED

NOV 07 2017

PATRICIA BENNETT, CLERK

by CHIEF DEPUTY

REPORT AND RECOMMENDATION
FOR SIX MONTH ORDER OF SUSPENSION

THIS MATTER came before the Board of Professional Responsibility of the Wyoming State Bar (the "Board") on October 17, 2017, for a telephonic disciplinary hearing pursuant to Rule 15(b), Wyo.R.Disc.Proc. All Board members were in attendance. The Wyoming State Bar was represented by Bar Counsel, Mark W. Gifford. Respondent Nick Edward Beduhn attended and was given the opportunity to make an opening statement, cross-examine the witness and make closing remarks. Bar Counsel Exhibit 1 was received into evidence. Based upon the exhibits received into evidence, the testimony of witness and with due consideration given to the statements of counsel, the Board FINDS, CONCLUDES and RECOMMENDS as follows:

### Findings of Fact

1. Respondent has been licensed to practice in Wyoming since 2003 and, until this Court's order of immediate suspension issued May 10, 2017, maintained an active practice of law in Cody, Wyoming. Respondent is presently the subject of a two year order of suspension issued by this Court on August 24, 2017. The order of two year suspension provides that the period of suspension runs from May 10, 2017.

2. This disciplinary proceeding began with Bar Counsel's investigation of a complaint submitted by a client of Respondent's in March 2017. Complainant's complaint chroni-

oles her DUI arrest on June 17, 2016, her engagement of Respondent, and Respondent's generally inattentive and nonresponsive representation of her. For the last several weeks before Complainant submitted her complaint, Respondent did not respond to Complainant's inquiries regarding the status of her case. When Complainant was successful in talking with Respondent, he misled her as to the status of her case. Complainant paid Respondent a $1,000.00 fee and received very little in terms of services. Respondent eventually engaged other counsel in March 2017.

3. Bar Counsel mailed Complainant's complaint to Respondent on March 15, 2017, requesting a response by March 29, 2017. When no response was received, a follow up request was sent by certified mail on April 6, 2017. The follow up letter was returned unclaimed.

4. On May 11, 2017, Bar Counsel served notice upon Respondent that a request for authority to file a formal charge had been submitted to the Review and Oversight Committee.

5. On May 26, 2017, the Review and Oversight Committee issued a Finding of Probable Cause authorizing the filing of a formal charge against Respondent.

6. In the formal charge filed in this matter on May 30, 2017, Bar Counsel alleged that in Respondent's representation of Complainant, Respondent violated Rules 1.1 (competence), 1.3 (diligence), 1.4 (communication with client) and 1.5 (fees) of the Wyoming Rules of Professional Conduct.

7. Bar Counsel further alleged that in failing and refusing to respond to Complainant's complaint, Respondent also violated Rule 8.1(b) (failure to respond to a demand for information in a disciplinary matter).

8. The formal charge was served by certified mail, return receipt requested, on May 30, 2017. The return receipt on file indicates that the formal charge was retrieved by a person

█

believed to be Respondent's employee, from the Cody post office on June 7, 2017. Rule 14(a), Wyo.R.Disc.Proc., provides in relevant part, "Within 20 days after service of the formal charge, or within such greater period of time as may be approved by the BPR or a Disciplinary Judge, the respondent shall file the original of an answer to the formal charge with the BPR Clerk and shall serve a copy upon Bar Counsel." Respondent failed to file an answer or otherwise respond to the formal charge.

9. Rule 14(b)(1), Wyo.R.Disc.Proc., provides in relevant part, "If the respondent fails to file an answer within the period provided by subsection (a) of this Rule, Bar Counsel shall file a motion for default with the BPR Clerk. Thereafter, the BPR Clerk shall enter a default and the formal charge shall be deemed admitted; provided, however, that a respondent who fails to file a timely answer may, upon a showing that the failure to answer was the result of mistake, inadvertence, surprise, or excusable neglect, obtain leave of the BPR to file an answer."

10. When Respondent failed to answer or otherwise respond to the formal charge, default was entered pursuant to Rule 14(b)(1), Wyo.R.Disc.Proc., on July 10, 2017. The matter was thereafter set for a sanction hearing pursuant to Rule 14(b)(2), Wyo.R.Disc.Proc., on October 17, 2017.

11. Respondent did not seek an extension of time to file an answer to the formal charge nor did he contest the entry of default.

12. The sanction hearing proceeded with a brief opening statement by Bar Counsel. Bar Counsel informed the Board that a stipulation was reached with Respondent shortly before the hearing, which did not provide sufficient time to prepare the paperwork and that the terms of the stipulation would continue to be Bar Counsel's recommendation after presenting evidence. Respondent, who was self-represented at the hearing, waived opening statement. Bar Counsel

called Complainant as his only witness, who provided testimony supporting the allegations of the formal charge.

13. As a result of Respondent's default, the following allegations of the formal charge are deemed admitted. The factual basis is further established in the record by Bar Counsel Exhibit 1, and by testimony adduced during the sanction hearing. This Board finds that Respondent violated Rules 1.1 (competence), 1.3 (diligence), 1.4 (communication with client) and 1.5 (fees) of the Wyoming Rules of Professional Conduct in his representation of Complainant, and that he further violated Rule 8.1(b) (failure to respond to a demand for information in a disciplinary matter).

### Determination of the Appropriate Sanction

14. In considering the duties breached by Respondent in the misconduct described above, the Board finds that Respondent knowingly failed to perform services for a client and caused injury or potential injury to a client for which, absent aggravating or mitigating circumstances, suspension would be the appropriate sanction. *See* ABA Standard 4.4, "Lack of Diligence," *infra.*

15. In committing the foregoing violations, Respondent acted with knowledge, i.e., he acted "with conscious awareness of the nature or attendant circumstances of his *** conduct both without the conscious objective or purpose to accomplish a particular result." *See* "The Lawyer's Mental State," *infra.*

16. Respondent inflicted actual injury upon his client. *See* "The Potential or Actual Injury Caused by the Lawyer's Misconduct," *infra.*

17. The Board finds the following aggravating factors:

a. Prior disciplinary record.

■

b. Vulnerability of the victim.

c. Substantial experience in the practice of law.

*See* Aggravating Factors, *infra*.

18. The Board finds no mitigating factors.

19. Considering all of the foregoing factors, and considering the stipulation of the parties, the Board finds that an appropriate sanction for Respondent's misconduct is that he be suspended from the practice of law for a period of six months, to run consecutively with his current, two year suspension; that he be required to reimburse Complainant for legal fees paid to Respondent in the amount of $1,000.00; that he be required to pay an administrative fee of $750.00 as provided in Rule 25(b), Wyo.R.Disc.Proc.; and that he be required to reimburse the Wyoming State Bar for certified costs of this proceeding as provided in Rule 25(e), Wyo.R.Disc.Proc.

Conclusions of Law

20. Rule 6(c)(4), Wyo.R.Disc.Proc. provides, "When misconduct has been proved by clear and convincing evidence at a hearing, *or misconduct has been established by default*, [the BPR shall] issue a private reprimand or recommend an appropriate public discipline to the Court" [italics supplied].

21. Rule 14, Wyo.R.Disc.Proc., "Answer to Formal Charge – Filing, Failure to Answer, Default," provides:

(a) *Answer.* Within 20 days after service of the formal charge, or within such greater period of time as may be approved by the BPR or a Disciplinary Judge, the respondent shall file the original of an answer to the formal charge with the BPR Clerk and shall serve a copy upon Bar Counsel. In the answer the respondent shall either admit or deny every material allegation contained in the formal charge, or request that the allegation be set forth with greater particularity. In addition, the respondent shall set forth in the answer any affirmative defenses. Any objection to the formal charge which a respondent may assert, including a challenge to the

formal charge for failure to charge misconduct constituting grounds for discipline, must also be set forth in the answer.

(b) *Failure to answer; default; failure to appear.*

 (1) If the respondent fails to file an answer within the period provided by sub-section (a) of this Rule, Bar Counsel shall file a motion for default with the BPR Clerk. Thereafter, the BPR Clerk shall enter a default and the formal charge shall be deemed admitted; provided, however, that a respondent who fails to file a timely answer may, upon a showing that the failure to answer was the result of mistake, inadvertence, surprise, or excusable neglect, obtain leave of the BPR to file an answer.

 (2) Notwithstanding the entry of a default, Bar Counsel shall give the respondent notice of the sanction hearing, at which Bar Counsel and the respondent may appear and present evidence and arguments to the BPR regarding the form of discipline to be imposed. Thereafter the BPR shall conduct a sanction hearing and submit its report and recommendation to the Court as provided in Rule 15.

 (3) If the respondent should fail to appear when specifically so ordered by the BPR, the respondent shall be deemed to have admitted the factual allegations which were to be the subject of such appearance and/or to have conceded any motion or recommendations to be considered at such appearance. The BPR shall not, absent good cause, continue or delay proceedings due to the respondent's failure to appear.

22. Rule 15(b)(3)(D), Wyo.R.Disc.Proc., lists the factors to be considered in determining lawyer sanctions:

 (D) In imposing a sanction after a finding of misconduct by the respondent, the BPR shall consider the following factors, as enumerated in the ABA Standards for Imposing Lawyer Sanctions:

 (i) Whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession;

 (ii) Whether the lawyer acted intentionally, knowingly, or negligently;

 (iii) The actual or potential injury caused by the lawyer's misconduct; and

 (iv) The existence of any aggravating or mitigating factors.

23. The American Bar Association's "Standards for Imposing Lawyer Sanctions" (hereinafter referred to as the "ABA Standards") state, "The purpose of lawyer discipline proceedings is to protect the public and the administration of justice from lawyers who have not discharged, will not discharge, or are unlikely properly to discharge their professional duties to clients, the public, the legal system, and the legal profession." ABA Standard 3.0 lists the factors to be considered in imposing a sanction after a finding of lawyer misconduct, and mirrors the language of Rule 15(b)(3)(D), W.R.D.P.:

(a) the duty violated;
(b) the lawyer's mental state;
(c) the potential or actual injury caused by the lawyer's misconduct; and
(d) the existence of aggravating or mitigating factors.

24. Misconduct of the sort engaged in by Respondent, which essentially involves violation of a duty owed to a client, is addressed in ABA Standard 4.4, "Lack of Diligence."

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving failure to provide competent representation to a client:

4.41 Disbarment is generally appropriate when:
 (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
 (b) a lawyer knowingly fails to perform services for a client and causes injury or potentially serious injury to a client;
 (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.
4.42 Suspension is generally appropriate when:
 (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or
 (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.
4.43 Reprimand [i.e., "public censure" under Rule 9(a)(3) of the Wyoming Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.
4.44 Admonition [i.e., "private reprimand" under Rule 9(a)(4) of the Wyoming Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent

and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client.

25. <u>The Lawyer's Mental State.</u> The preamble to the ABA Standards includes the following discussion regarding mental state:

> The mental states used in this model are defined as follows. The most culpable mental state is that of intent, when the lawyer acts with the conscious objective or purpose to accomplish a particular result. The next most culpable mental state is that of knowledge, when the lawyer acts with conscious awareness of the nature or attendant circumstances of his or her conduct both without the conscious objective or purpose to accomplish a particular result. The least culpable mental state is negligence, when a lawyer fails to be aware of a substantial risk that circumstances exist or that a result will follow, which failure is a deviation of a care that a reasonable lawyer would exercise in the situation.

26. <u>The Potential or Actual Injury Caused by the Lawyer's Misconduct.</u> Under the ABA Standards, "injury" is defined as "harm to a client, the public, the legal system, or the profession which results from a lawyer's misconduct. The level of injury can range from 'serious' injury to 'little or no' injury; a reference to 'injury' alone indicates any level of injury greater than 'little or no' injury." "Potential injury" is defined as "harm to a client, the public, the legal system or the profession that is reasonably foreseeable at the time of the lawyer's misconduct, and which, but for some intervening factor or event, would probably have resulted from the lawyer's misconduct."

27. <u>Aggravating and Mitigating Factors.</u> ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:

9.1 *Generally*

After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.

9.2 *Aggravation*

9.21 *Definition.* Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.

9.22 *Factors which may be considered in aggravation.* Aggravating factors include:

(a) prior disciplinary offenses;
(b) dishonest or selfish motive;
(c) a pattern of misconduct;
(d) multiple offenses;
(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(g) refusal to acknowledge wrongful nature of conduct;
(h) vulnerability of the victim;
(i) substantial experience in the practice of law;
(j) indifference in making restitution; and
(k) illegal conduct, including that involving the use of controlled substances.

9.3 *Mitigation*

9.31 *Definition.* Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.

9.32 *Factors which may be considered in mitigation.* Mitigating factors include:

(a) absence of a prior disciplinary record;
(b) absence of a dishonest or selfish motive;
(c) personal or emotional problems;
(d) timely good faith effort to make restitution or to rectify consequences of misconduct;
(e) full and free disclosure of disciplinary board or cooperative attitude toward proceedings;
(f) inexperience in the practice of law;
(g) character or reputation;
(h) physical disability;
(i) mental disability or chemical dependency including alcoholism or drug abuse when:
 (1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;

(2) the chemical dependency or mental disability caused the miscon-
duct;

(3) the respondent's recovery from the chemical dependency or mental
disability is demonstrated by a meaningful and sustained period of
successful rehabilitation; and

(4) the recovery arrested the misconduct and recurrence of that mis-
conduct is unlikely.

(j) delay in disciplinary proceedings;

(k) imposition of other penalties or sanctions;

(l) remorse; and

(m) remoteness of prior offenses.

28. With respect to costs of disciplinary proceedings, Rule 25, Wyo.R.Disc.Proc., provides:

**Rule 25. Expenses and Costs.**

(a) The expenses of members of the BPR, the ROC, Bar Counsel, and Special Bar Counsel, costs of a Disciplinary Judge, and other expenses incurred in the implementation or administration of these rules, shall be paid with funds allocated for that purpose by the Wyoming State Bar. The Wyoming State Bar shall compensate and pay the expenses of Disciplinary Judges.

(b) In addition to any costs assessed by the BPR, the ROC or the Court, an administrative fee of seven hundred fifty dollars ($750.00) shall be imposed by the BPR in all cases where private discipline, diversion, or public discipline is ordered. The administrative fee shall be assessed on a per-complaint basis.

(c) "Costs" means actual expenses incurred by Bar Counsel, the ROC, the BPR, and the Wyoming State Bar in connection with a disciplinary proceeding, reinstatement proceeding or diversion program, including without limitation the cost of depositions used in a proceeding, hearing transcripts, copying costs, conference call and other telephone expenses, fees for service of process and subpoenas, witnesses fees, fees paid to expert witnesses, and costs associated with travel, meals and lodging for the ROC, the BPR, the BPR Clerk and the Office of Bar Counsel.

(d) When an attorney is privately disciplined, the BPR or the ROC may assess against the attorney the costs incurred in connection with the investigation and disciplinary proceeding, together with the administrative fee.

(e) When public discipline is recommended by the BPR, it shall certify to the Court the costs incurred in connection with the investigation and disciplinary proceeding, together with the administrative fee. The BPR may recommend to the Court the assessment of those costs and, if the Court imposes discipline, the Court

may assess all or any part of the certified costs, together with the administrative fee, against respondent.

(f) In any case where costs and fees are assessed, they shall be paid to the Wyoming State Bar.

<u>Recommendation</u>

Based upon the foregoing findings and conclusions, the Board recommends that the Court issue an order suspending Respondent for a period of six month, with the period of suspension to begin May 10, 2019; that Respondent be required to reimburse Complainant for legal fees paid to Respondent in the amount of $1,000.00; that Respondent be required to pay an administrative fee of $750.00 as provided in Rule 25(b), Wyo.R.Disc.Proc.; and that Respondent be required to reimburse the Wyoming State Bar for certified costs of this proceeding as provided in Rule 25(e), Wyo.R.Disc.Proc.

DATED this _30_ day of October, 2017.